IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| EDEN FOODS, INC., ) <br> a Michigan corporation, ) <br> ) <br> Plaintiff, ) <br> ) Civil Action No. 1:22-cv-00409-RGA <br> vs. ) <br> ) <br> EARL GEORGE (D/B/A EDEN SALT, INC., ) <br> EDEN SALT LLC, EDEN SALT, ) <br> and EDEN IMPORT AND EXPORTS), and ) <br> ) <br> EDEN IMPORT & EXPORT LLC (D/B/A EDEN ) <br> SALT IMPORT and EXPORT LLC AND ) <br> EDEN SALT), and ) <br> ) <br> SERVING WITH A MISSION, ) <br> ) <br> Defendants. ) | |

**MOTION OF PLAINTIFF EDEN FOODS, INC.
TO SERVE LIMITED, EXPEDITED DISCOVERY**

Pursuant to D. Del. L. Rule 7.1.2. and Federal Rules of Civil Procedure 26(d)(1) and 26(f), *et seq.*, Plaintiff Eden Foods, Inc. ("Plaintiff" or "Eden Foods"), moves this Court to expedite limited discovery for the purpose of identifying the new owner of the *edensalt.com* domain, which domain was transferred by the Defendants subsequent to the filing of the First Amended Complaint, and in support thereof states as follows:

1

122870396-1

I. **FACTUAL BACKGROUND**

Plaintiff Eden Foods is a leading producer of natural and organic food and beverage products and dietary supplements, all marketed under a protected family of EDEN trademarks that are registered with the United States Patent and Trademark Office. Plaintiff commenced the current action for trademark infringement and related causes of action on March 30, 2022, in order to seek relief against John Doe, namely, unknown individual(s) or entity(ies) selling salt under the name "Eden Salt," and notably through the use of a website with the address *edensalt.com* (the "Eden Salt Defendants"). Plaintiff previously sought limited, expedited discovery of: (i) the owners and occupiers of the property at 501 Silverside Road, Wilmington, Delaware, 19809; (ii) the domain name registrar for *edensalt.com*; and (iii) counsel to Eden Salt in its trademark application, in order to determine the identity of the Eden Salt Defendants. This Court granted the expedited discovery (Docket Id. No. 9), and Plaintiff relied upon the discovery responses to file a First Amended Complaint (Docket Id. No. 15), and acted promptly to serve the summons and complaint on each of the identified (*i.e.*, no longer "John Doe") defendants: (a) Earl George (d/b/a Eden Salt, Inc., Eden Salt LLC, and Eden Import and Exports) (*see* Docket Id. No. 17); (b) Eden Import & Export LLC (d/b/a Eden Salt Import and Export LLC and Eden Salt) (*see* Docket Id. No. 18); and (c) Serving with a Mission (*see* Docket Id. No. 19).

The complaint seeks, in part, an order transferring the domain *edensalt.com*. Each of the defendants has failed to timely answer the First Amended Complaint, and accordingly, Plaintiff is separately and simultaneously requesting the Court to enter default against the Defendants. At least one of the Defendants, however, has transferred the domain, and Plaintiff must now seek to identify the new owner.

A. **Defendants Transferred The Domain After The Amended Complaint Was Filed**

After the complaint was served on all defendants, Defendant Serving with a Mission transferred the *edensalt.com* domain on or about June 14, 2022.  Plaintiff has requested Serving with a Mission to identify the specific person or entity to whom Serving with a Mission transferred the domain, but to date, the only information that was provided by this Defendant is that "[u]nless they used a company name, the domain would be transferred to:  Earl George." (Exhibit 1)(July 18, 2022, email from R. Pedigo).

The publicly-available registration information for the *edensalt.com* website currently indicates that there was a transfer on June 14, 2022, and that the new registrant is an "individual" with a "Delaware" mailing address, while the registrar remains Enom.  (Exhibit 2)(lookup.icann.org database information for *edensalt.com*).

Enom is the same registrar who was previously served with a subpoena to identify the current owner of *edensalt.com*, in accordance with this Court's prior order granting expedited discovery. (Docket Id. No. 9).  Although Plaintiff requested that Enom provide updated ownership information, Enom refused to supplement its production, stating that it has complied with the prior subpoena and a new subpoena must be served before it will provide the new registrant's name.

**B.  Additional Discovery Is Needed to Identify the Current Owner of the Domain**

While it is believed that the domain has been transferred to a co-defendant (in particular, to Mr. Earl George), Plaintiff requests this Court to issue an order allowing Plaintiff to seek discovery of the current owner's name.  In the event that the new owner is a previously named defendant, then no new parties need be added for Plaintiff to obtain the relief requested in the Complaint; in the event, however, that a different entity or person is the current owner, then Plaintiff will need to assess whether additional parties are required to be added to this litigation.

Eden Foods seeks approval to serve a limited, narrowly-tailored subpoena to Enom Inc., the registrar of the *edensalt.com* domain, as set forth below, with responses due within 14 days of service, in order to obtain the following records that Enom has declined to produce in response to the previous subpoena:

- Documents sufficient to show names and contact information (including residence address(es)) of any and all persons or entities that own, operate and/or control the *edensalt.com* domain that advertises salt for sale under the Eden Salt trademark, including any such persons or entities that previously owned, operated and/or controlled the *edensalt.com* domain.

- Copies of any and all agreements concerning the *edensalt.com* domain.

## II. ARGUMENT AND AUTHORITIES

### A. *The Federal Rules Entrust the Court With Discretion to Grant Requests to Conduct Discovery at an Early Stage of Litigation Before the Parties Meet for Purposes of Formulating a Discovery Plan*

Pursuant to Rule 26(d), a party may not seek discovery from any source before the parties have conferred as required by Rule 26(f). Fed. R. Civ. P. 26(d). "Courts, however, have broad discretion to manage the discovery process, and can expedite or otherwise alter the timing and sequence of discovery." *Vision Films, Inc. v. John Does 1-24,* 2013 WL 1163988 *2 (D. Del. 2013). *See also* Fed. R. Civ. P. 26(d)(1).

### B. *The Majority of Courts Apply a Good Cause Standard to Requests for Pre-Rule 26(f) Discovery.*

The Federal Rules of Civil Procedure offer little guidance as to when expedited discovery is appropriate. "Although the United States Court of Appeals for the Third Circuit has not adopted a standard for evaluating such requests, this Court has previously held that a 'good cause' standard should apply—one requiring the party seeking discovery to demonstrate that its request is 'reasonable' in light of the relevant circumstances." *Reybold Grp. of Companies, Inc. v. Does 1-*

4

*20*, 323 F.R.D. 205, 208 (D. Del. Sept. 29, 2017).  "Under the reasonableness standard 'the court must weigh the need for discovery at an early juncture in the litigation against the breadth of the discovery requests and the prejudice to the responding party, by considering such factors as (1) the timing and context of the discovery requests; (2) the scope and purpose of those requests; and (3) the nature of the burden to the respondent.'" *Id.* (internal citation omitted).[1]

In cases where expedited discovery is sought in order to identify unknown or anonymous John Doe defendants, this Court and others have evaluated whether "good cause" exists such that discovery should be permitted by "first asking whether the plaintiff has established a *prima facie* case for each essential element of the claim(s) in question." *Id.*  Upon finding that a prima facie showing has been made, courts evaluate "whether the plaintiff has demonstrated: (1) that it has no other way to identify the alleged wrongdoers, aside from obtaining the discovery at issue; or (2) that expedited discovery is necessary because evidence identifying the defendants may be otherwise destroyed (e.g., as a result of routine deletion by third party ISPs [Internet Service Providers])." *Id.*  Upon making these showings, good cause is generally found to exist. *Id.* at 209. Courts routinely permit expedited discovery to identify Doe defendants prior to a Rule 26(f) conference.  *See e.g., Vision Films, Inc. v. John Does 1-24,* 2013 WL 1163988 (D. Del. 2013); *Digital Sin, Inc. v. Does 1-176*, 279 F.R.D. 239 (S.D.N.Y. 2012); *AF Holdings LLC v. Doe,* 2012

---

[1] A minority of courts utilize a standard initially set forth by the U.S. District Court for the Southern District of New York in *Notaro v. Koch,* 95 F.R.D. 403 (S.D.N.Y.1982), which "analyzes the expedited discovery request using factors similar to those used for injunctive relief or specific performance." *Vision Films, Inc. v. John Does 1-24,* 2013 WL 1163988 at *2.  However, as noted by the *Vision Films* court, "[i]n prior decisions involving motions for expedited discovery, this court has utilized only the reasonableness standard." *Id.*  Accordingly, Plaintiff proceeds here using the reasonableness standard.

5

WL 1610185 (E.D. Cal. 2012); *Canal Street Films v. Does 1-22,* 2013 WL 1775063 (M.D. Pa. 2013).

In granting a request for expedited discovery, a court may consider the necessity of additional protections to safeguard against the misuse of defendants' personal information, *i.e.*, entry of a protective order. *Id.* at 209.

### C. *Under the Relevant Legal Standard Expedited Discovery Should Be Allowed.*

Applying the "good cause" standard to the present case, Eden Foods more than demonstrates the requisite good cause warranting expedited discovery.

#### 1. Eden Foods Has Established a Prima Facie Case for its Claims.

The First Amended Complaint alleges claims for trademark infringement, unfair competition, and trade name infringement arising under the Federal Trademark Act, 60 Stat. 427, 15 U.S.C. § 1051 *et seq.*, and the common law and statutes of the State of Delaware. The trademark infringement and unfair competition claims provide a basis for federal question jurisdiction in this Court. "'Federal trademark infringement, 15 U.S.C. § 1114(1)(a), and a false designation of origin claim, known more broadly as federal unfair competition, 15 U.S.C. § 1125(a)(1)(A), are measured by identical standards.' Under these standards, a plaintiff must prove that: (1) it owns the mark; (2) the mark is valid and legally protectable; and (3) defendant's use of the mark to identify goods and services is likely to create confusion." *New Balance Athletics, Inc. v. USA New Bunren Intl. Co. Ltd., LLC,* 424 F.Supp.3d 334, 346 (D. Del. 2019)(internal citation omitted).

Here, by demonstrating that its EDEN trademarks are federally registered and have become incontestable, (Docket Id. No. 15 (First Amended Compl.) ¶¶ 25-49), Plaintiff has satisfied the requirements for ownership and validity of the marks. *New Balance Athletics, Inc. v. USA New Bunren Intl. Co. Ltd., LLC,* 424 F.Supp.3d at 346 ("'If the mark at issue was federally registered

6

and had become 'incontestable', pursuant to 15 U.S.C. §§ 1058 and 1065, validity, legal protectability, and ownership are proved.'")(internal citation omitted).

With respect to the third factor, the Third Circuit has set forth a series of factors to be considered when assessing likelihood of confusion: (1) the degree of similarity between the owner's mark and the alleged infringing mark; (2) the strength of the owner's mark; (3) the price of the goods and other factors indicative of the care and attention expected of consumers when making a purchase; (4) the length of time the defendant has used the mark without evidence of actual confusion arising; (5) the intent of the defendant in adopting the mark; (6) the evidence of actual confusion; (7) whether the goods, [even if] not competing, are marketed through the same channels of trade and advertised through the same media; (8) the extent to which the targets of the parties' sales efforts are the same; (9) the relationship of the goods in the minds of consumers because of the similarity of function; (10) other facts suggesting that the consuming public might expect the prior owner to manufacture a product in the defendant's market, or that he is unlikely to expand into that market. *VeriFone, Inc. v. Poynt Co.,* 199 F.Supp.3d 898, 905-906 (D. Del. 2016). Notably, where the marks are identical and/or used for competing goods, the court need rarely look beyond the mark itself. *Id.* at 906.

Eden Salt's use of EDEN SALT to market salt products is likely to cause confusion with Eden Foods' family of EDEN marks, especially given that Plaintiff has sold salt under the family of EDEN marks for years prior to Defendant(s)' first use of the trademark EDEN SALT. Eden Foods' protected EDEN mark is included ***in its entirety*** as the dominant portion of the EDEN SALT mark; the remaining portion, "salt," is clearly descriptive of Eden Salt's goods and would not serve a source-identifying function. Further, Eden Salt's salt products fall within Eden Foods' broad food- and beverage-related offerings, and directly overlap with the salt products identified

in Eden Foods' incontestable Reg. Nos. 1,452,337, 1,862,634, and 3,071,337. (Docket Id. No. 15 (First. Amended Compl.) ¶¶ 25-26, 32). The foregoing, together with Eden Foods' strong and broad family of EDEN marks spanning decades of continuous use, renders confusion almost inevitable.

> **2. Eden Foods Seeks Only Limited Information Necessary to Identify and Serve the Doe Defendant(s) and Has Exhausted Other Reasonable Attempts to Obtain this Time-Sensitive Information.**

In this action, all of the other factors considered by courts weigh in favor of granting the request for early discovery. The requested information is necessary in order to identify and serve the John Doe defendant(s) properly. As discussed above, Eden Foods has exhausted alternative methods of obtaining the requested information including by researching state corporation records and available online information, and by contacting both Eden Salt and its current trademark prosecution counsel. None of these efforts have been successful, and Plaintiff does not believe there is another way to obtain the requested information. Absent relief from this Court, Eden Foods' rights, including but not limited to its ability to protect its valuable intellectual property, will be prejudiced and it may be unable to enforce and protect its trademark rights with respect to Eden Salt.

Conversely, there is no prejudice to Defendant(s) by allowing the limited proposed discovery consisting of three subpoenas seeking solely the identification of the person(s) and/or entities operating Eden Salt. Indeed, each of the Defendants has failed to answer the First Amended Complaint, and moreover, the requested discovery is necessitated by action of the Defendants, who wrongly transferred the *edensalt.com* domain after Plaintiff obtained lawful discovery and relied upon the responses to revise its complaint. Given the limited scope of the discovery sought by Plaintiff (all of which is easily accessible and would be subject to discovery

in the normal course), the burden on the responding parties is extremely minimal.  In view of Plaintiff's urgent need for the limited scope of the discovery requests, the Court should conclude that the "good cause" standard warranting expedited discovery has been satisfied.

### III.  CONCLUSION

Based on all of the foregoing, Eden Foods has demonstrated that it meets the test for granting expedited discovery for the reasons requested.  Accordingly, Eden Foods respectfully requests that its Motion be granted, and that it be permitted to issue the aforementioned subpoena on Enom Inc.

Date: August 2, 2022

Respectfully submitted,

**DILWORTH PAXSON LLP**

By: */s/ Thaddeus J. Weaver*
Thaddeus J. Weaver (Id. No. 2790)
704 King Street, Suite 500, P.O. Box 1031
Wilmington, DE  19899-1031
Telephone:  (302) 571-8867
Facsimile:  (302) 655-1480
Email:  tweaver@dilworthlaw.com

and

**WILEY REIN LLP**

By:  */s/ Christopher Kelly*
Christopher Kelly (Id. No. 2754)
Rebecca L. Saitta (Admitted PHV)
2050 M Street, N.W.
Washington, D.C. 20036
Telephone: (202) 719-7000
Facsimile: (202) 719-7049
Email: ckelly@wiley.law
*Attorney for Plaintiff Eden Foods, Inc.*