IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| EDEN FOODS, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 22-409-RGA |
| | ) | |
| EARL GEORGE (d/b/a EDEN SALT, INC., | ) | |
| EDEN SALT LLC, EDEN SALT, and | ) | |
| EDEN IMPORT AND EXPORTS), | ) | |
| EDEN IMPORT & EXPORT LLC (d/b/a | ) | |
| EDEN SALT IMPORT and EXPORT LLC | ) | |
| AND EDEN SALT), and SERVING WITH | ) | |
| A MISSION, | ) | |
| | ) | |
| Defendants. | ) | |

## REPORT AND RECOMMENDATION

Presently before the court in this civil action for trademark infringement and related state law claims is the motion for entry of default judgment under Federal Rule of Civil Procedure 55(b)(2), filed by Plaintiff Eden Foods, Inc. ("Plaintiff") against Defendants Earl George (d/b/a Eden Salt, Inc., Eden Salt LLC, Eden Salt and Eden Import and Exports), and Eden Import & Export LLC (d/b/a Eden Salt Import and Export LLC and Eden Salt), and Serving With a Mission (collectively, the "Defaulting Defendants"). (D.I. 30)[1] For the following reasons, I recommend that the court GRANT Plaintiff's motion for entry of default judgment under Rule 55(b)(2) and issue a permanent injunction against the Defaulting Defendants.

---

[1] The briefing and other filings associated with the pending motion for default judgment are found at D.I. 31, D.I. 32, D.I. 33, and D.I. 35.

I.  **BACKGROUND**

Plaintiff began as a food co-operative in the mid to late 1960s, and after finding initial success with its organic retail food store, it began branding its own organic food products under the "Eden" trademark around 1969. (D.I. 33 at ¶¶ 4-5) Plaintiff has operated continuously since then and continues to use its "Eden" trademark and brand name. (D.I. 33 at ¶ 5)

For more than twenty years Plaintiff has sold "Eden" branded salt. (D.I. 33 at ¶ 19) Three of Plaintiff's marks specifically relate to salts sold under the Eden® family of trademarks: Registration Nos. 1,452,337 ("the '2337 mark"), 1,862,634 ("the '634 mark"), and 3,071,337 ("the '1337 mark"). (D.I. 15 at ¶¶ 26-7, 33) Plaintiff first registered a mark relating to salt in 1987, with the '2337 mark registering "Eden" as a trademark for food and beverage products including "sea salt for table use." (D.I. 33 at ¶ 20) Plaintiff registered the "Eden" trademark for additional food and beverages, including "sea salt" in 1994 under the '634 mark. (D.I. 33 at ¶ 20) Plaintiff also registered "Eden Foods" as a trademark for "salt" in 2006 with the '1337 mark. (D.I. 33 at ¶ 20) All of these trademarks have been duly renewed and remain in effect. (D.I. 33 at ¶ 20)

On January 12, 2022, the Defaulting Defendants submitted an application to the United States Patent & Trademark Office ("USPTO") for the trademark "Eden Salt." (D.I. 32-1 at 2) Within this trademark application, the Defaulting Defendants indicated that "Eden Salt" had been used in commerce since May 7, 2021. (*Id.*) The Defaulting Defendants' trademark application also stated the applicant has used the trademark "Eden Salt" in interstate commerce at least as early as July 5, 2021. (D.I. 15 at ¶ 64) This trademark application was signed by "Earl George" and listed Eden Salt's office address as 501 Silverside Rd., PBM#371, Wilmington, Delaware 19809. (D.I. 32 at ¶ 7)

2

Thereafter, Plaintiff sent two letters to Andrea Selkregg ("Selkregg"), the attorney who filed the Eden Salt trademark application, asking her to provide details on the identity of her client. (D.I. 32 at ¶ 10) A letter to Selkregg dated February 4, 2022, represented that the Defaulting Defendants' trademark application for Eden Salt likely infringed Plaintiff's family of Eden Foods marks. (D.I. 15 at ¶ 66) Selkregg indicated she forwarded the information to her client and stated that she did not represent Eden Salt in the trademark dispute with Eden Foods. (D.I. 32 at ¶ 11) On March 8, 2022, Plaintiff contacted Selkregg again to request contact information for a principal or officer of Eden Salt. (D.I. 32 at ¶ 12) Selkregg indicated that she had forwarded the information to her client but declined to provide any more information. (*Id.*)

On March 14, 2022, Plaintiff contacted the number listed on the Defaulting Defendants' website to obtain information about their directors and officers. (D.I. 32 at ¶ 13) The person who answered the phone identified himself only as "President" of Eden Salt. (*Id.*) This individual stated he was represented by counsel in the trademark dispute between Eden Salt and Eden Foods, but he declined to identify his counsel. (*Id.*) Plaintiff's counsel was unable to engage further given that the individual claimed to be represented by counsel. (*Id.*)

On March 30, 2022, Plaintiff commenced this action against the Defaulting Defendants alleging that they used Plaintiff's marks as part of their trademark application for "EDEN SALT," in their trade and domain names, and in the distribution and marketing of their salt products at the wholesale and/or retail level. (D.I. 1 at ¶¶ 40-44; D.I. 15 at ¶¶ 50-54) About a week after the complaint was filed, the court entered an order permitting Plaintiff to serve limited, expedited discovery to ascertain the identities of the Defaulting Defendants. (D.I. 9) Plaintiff then filed a first amended complaint ("FAC") on May 27, 2022, which names the

Defaulting Defendants and is otherwise substantively the same as the original complaint. (D.I. 15 at ¶¶ 4-5)

The record before the court indicates Plaintiff served the FAC and summons on defendant Serving With A Mission by way of its receiving agent on June 9, 2022. (D.I. 19) The following day, Plaintiff served the FAC and summons on the authorized agent of Earl George and Eden Import & Export LLC. (D.I. 17; D.I. 18) The Defaulting Defendants failed to file and serve a timely responsive pleading as required under Rule 12 of the Federal Rules of Civil Procedure.

Shortly before the Defaulting Defendants' responsive pleading deadline expired, Plaintiff represented on the record that it had faced significant hurdles in serving the Defaulting Defendants, and it had not been able to personally serve Earl George or Eden Import & Export LLC. (D.I. 20; D.I. 21) On August 2, 2022, Plaintiff filed two affidavits of service detailing its additional attempts to personally serve Earl George and Eden Import & Export LLC at Earl George's Brooklyn apartment, ending with the process server posting the summons and FAC on the door of the apartment on July 20, 2022, and mailing the summons and FAC to two Brooklyn addresses the following day. (D.I. 24; D.I. 25)

On August 18, 2022, the court entered a default in appearance against the Defaulting Defendants, finding that service was effectuated based on the executed summonses, the affidavits of service, and the representations made in the declaration accompanying the request for entry of default. (D.I. 28; D.I. 29) The court also allowed Plaintiff to issue subpoenas to any registrar for the edensalt.com domain. (D.I. 28)

Plaintiff filed the pending motion for entry of default judgment pursuant to Rule 55(b)(2) on September 12, 2022. (D.I. 30) The assigned District Judge referred the pending motion to

4

the undersigned judicial officer on October 21, 2022. (D.I. 34) On November 1, 2022, Plaintiff filed a letter confirming that the USPTO refused to register "Eden Salt" due to a likelihood of confusion with Plaintiff's marks. (D.I. 35)

## II.   LEGAL STANDARD

Federal Rule of Civil Procedure 55(b)(2) provides that a district court may enter default judgment against a party when default has been entered by the Clerk of Court. Fed. R. Civ. P. 55(b). The decision to enter a default judgment is within the discretion of the court. *Tristrata Tech., Inc. v. Med. Skin Therapy Rsch., Inc.*, 270 F.R.D. 161, 164 (D. Del. 2010) (citing *Hritz v. Woma Corp.*, 732 F.2d 1178, 1180 (3d Cir. 1984)). The court's determination is guided by three considerations: "(1) prejudice to the plaintiff if default is denied, (2) whether the defendant appears to have a litigable defense, and (3) whether defendant's delay is due to culpable conduct." *Chamberlain v. Giampapa*, 210 F.3d 154, 164 (3d Cir. 2000). "A consequence of the entry of a default judgment is that the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true." *Comdyne I, Inc. v. Corbin*, 908 F.2d 1142, 1149 (3d Cir. 1990); *see J & J Sports Prod., Inc. v. Kim*, C.A. No. 14-1170-LPS, 2016 WL 1238223, at *1 (D. Del. Mar. 29, 2016).

The court may conduct an evidentiary hearing to ascertain the amount of damages or establish the truth of the allegations. Fed. R. Civ. P. 55(b)(2). However, "Rule 55 does not require that testimony be presented as a prerequisite to the entry of a default judgment[.]" 10A C. Wright & A. Miller, *Federal Practice & Procedure* § 2688 (3d ed. 2007); *see Rhino Assocs., L.P. v. Berg Mfg. & Sales Corp.*, 531 F. Supp. 2d 652, 657 (M.D. Pa. 2007). Plaintiff seeks only injunctive relief in this instance, and for the reasons set forth below, the uncontroverted factual allegations in the FAC obviate the need for a hearing to substantiate Plaintiff's proposed

permanent injunction. *See S.E.C. v. Krimm*, C.A. No. 17-464-RDM, 2019 WL 2270437, at *5 (D. Del. May 28, 2019) (granting proposed injunctive relief without a hearing on a motion for default judgment under Fed. R. Civ. P. 55(b)(2)).

## III. DISCUSSION

### A. Default Judgment

I recommend that the court grant Plaintiff's motion for default judgment against the Defaulting Defendants. As described at § I, *supra*, Plaintiff served the FAC on the Defaulting Defendants, who failed to answer or otherwise respond, and the Clerk of Court entered a default in appearance against the Defaulting Defendants. Accordingly, the court takes as true the unchallenged factual allegations in the FAC, which plausibly establish the Defaulting Defendants' use of Plaintiff's marks will cause a likelihood of confusion under the Lanham Act. *See Comdyne I*, 908 F.2d at 1149; *A & H Sportswear, Inc. v. Victoria's Secret Stores, Inc.*, 237 F.3d 198, 202 (3d Cir. 2000) (explaining that trademark infringement under 15 U.S.C. § 1114 and unfair competition under 15 U.S.C. § 1125(a)(1)(A) are measured by identical standards). The plausibility of Plaintiff's Lanham Act claims extends to the remaining claims brought under Delaware state and common law. *See Acxiom Corp. v. Axiom, Inc.*, 27 F. Supp. 2d 478, 506-07 (D. Del. 1998) (finding it unnecessary to determine whether Axiom's actions infringed under the Lanham Act and under Delaware state law or common law because the state law claims are similar to their federal counterparts in both scope and remedy); *see also Mil. Certified Residential Specialist, LLC v. Fairway Indep. Mortg. Corp.*, 251 F. Supp. 3d 750 (D. Del. 2017); *see also S&P Glob. Inc. v. S&P Data LLC*, C.A. No. 20-701-RGA, 2022 WL 3098096 at *17 n.2 (D. Del. Aug. 4, 2022).

Moreover, the factors articulated by the Third Circuit in *Chamberlain* weigh in favor of default judgment against the Defaulting Defendants. *See Chamberlain*, 210 F.3d at 164. First, Plaintiff has shown it will be prejudiced by its inability to enforce its marks if the motion is denied because the Defaulting Defendants have been unresponsive to Plaintiff's efforts to communicate and will likely continue to infringe Plaintiff's trademarks. (D.I. 15 at ¶¶ 64-68); *see Tristrata Tech., Inc. v. Med. Skin Therapy Rsch., Inc.*, 270 F.R.D. 161, 164 (D. Del. 2010) (finding prejudice resulting from inability to enforce patent rights or recover damages). Denial of default judgment will prejudice Plaintiff by precluding "any effective avenue for obtaining relief[.]" *Roy v. Sakhr Software Co. (K.S.C.C.)*, C.A. No. 11-863-LPS, 2015 WL 4608132, at *2 (D. Del. July 31, 2015).

The second *Chamberlain* factor also weighs in favor of default judgment. Whether the Defaulting Defendants have a litigable defense is unclear due to their failure to appear and participate in the litigation. *See Tristrata*, 270 F.R.D. at 164. The strength of Plaintiff's pleaded allegations on the likelihood of confusion also reduces the odds that the Defaulting Defendants could present a meritorious defense. Plaintiff's registered marks "EDEN" and "EDEN FOODS" are facially similar to the Defaulting Defendants' name "Eden Salt." *See Javo Beverage Co., Inc. v. Javy Coffee Co.*, C.A. No. 22-547-RGA, 2023 WL 387587, at *2 (D. Del. Jan. 25, 2023) (finding a likelihood of confusion to be plausible between "Javo" and "Javy"). This similarity is further confirmed by the USPTO's rejection of the Defaulting Defendants' trademark application for "Eden Salt" based on the likelihood of confusion with Plaintiff's marks. (D.I. 35 at 2-3) The factual allegations in the FAC also establish Plaintiff's decades-long use of its marks in the food market, (D.I. 15 at ¶¶ 25-27, 33); the Defaulting Defendants' marketing of their products through the same channels as Plaintiff, (*id.* at ¶ 70; *see also* D.I. 33 at ¶ 26-27; D.I. 32 at ¶ 33); and the

7

Defaulting Defendants' continued use of Plaintiff's marks despite actual knowledge of them. (D.I. 15 at ¶¶ 66, 69-71)

The third and final *Chamberlain* factor weighs in favor of default judgment because the Defaulting Defendants have been on notice of this action, and their decision not to defend against the allegations in the FAC amounts to willful and culpable conduct. *See Krimm*, 2019 WL 2270437, at *5. Plaintiff has reached out to the Defaulting Defendants on several occasions, sending notice of their infringement, following up with the Defaulting Defendants' trademark attorney, and calling the "Eden Salt" number listed on the website. (D.I. 15 at ¶¶ 66-68) Nonetheless, the Defaulting Defendants have responded with evasiveness. (*Id.*; D.I. 32 at ¶¶ 11-13, 28-31) For these reasons, I recommend that the court grant Plaintiff's motion for default judgment under Rule 55(b)(2).

## B. Permanent Injunction

Plaintiff asks the court to permanently enjoin the Defaulting Defendants' conduct. (D.I. 30 at 1) The court may award injunctive relief under the Lanham Act. 15 U.S.C. § 1116. Generally, a party prevailing on the merits must show four factors to obtain a permanent injunction: (1) it will suffer irreparable injury; (2) no remedy available at law would be sufficient; (3) the balance of hardships tips in its favor; and (4) the injunction would serve public interests. *TD Bank N.A. v. Hill*, 928 F.3d 259, 278 (3d Cir. 2019). In the "specialized context" of a default judgment, where the defendant does not respond and the plaintiff cannot quantify its damages, these factors generally weigh in favor of injunctive relief. *See Ottomanson, Inc. v. UCAI, LLC*, 2020 WL 205945, at *4 (D.N.J. Jan. 10, 2020) ("Merely enjoining infringement does not deprive the defendant of anything to which it is entitled, and it is in the public interest to do so.").

Because liability for trademark infringement and unfair competition has been established and Plaintiff has shown that future violations are likely, the court may issue a permanent injunction. *See Krimm*, 2019 WL 2270437, at *6 (issuing permanent injunctive relief on a motion for default judgment because defendants did not respond to the complaint or otherwise represent that future violations were unlikely); *see also Innovative Office Prods., Inc. v. Amazon.com, Inc.*, 2012 WL 1466512, at *4 (E.D. Pa. Apr. 26, 2012) (issuing a permanent injunction based on acceptance of infringement allegation as true for purposes of the motion for default judgment). Consequently, I recommend that the court issue a permanent injunction against the Defaulting Defendants consistent with the relief sought at paragraphs 4, 5, and 7 of Plaintiff's proposed order. (D.I. 30-1 at ¶¶ 4-5, 7)

However, Plaintiff's proposed order seeks a broad spectrum of injunctive relief. I recommend that the court deny the relief sought at paragraphs 6, 8, and 9 of Plaintiff's proposed order because these requests for relief are not adequately supported by the record and the applicable case authorities. (D.I. 30-1 at ¶¶ 6, 8-9)

I recommend that the court deny Plaintiff's requested relief at paragraph 6 of the proposed order, which seeks a transfer by the Defaulting Defendants and/or the domain name registrar of "any and all rights to any domain name(s) that any of the enjoined persons possesses or controls, where the domain name contains the word 'EDEN' (including but not limited to edensalt.com)." (D.I. 30-1 at ¶ 6) Plaintiff's request is made pursuant to 15 U.S.C. § 1125(d)(1)(C), which authorizes the court to "order the forfeiture or cancellation of the domain name or the transfer of the domain name to the owner of the mark." But § 1125(d)(1)(C) provides relief for violations of the Anticybersquatting Consumer Protection Act ("ACPA"), which specifically addresses trademark violations in the registration, trafficking, or use of a

9

domain name. 15 U.S.C. § 1125(d); *see Pa. Business Bank v. Biz Bank Corp.*, 330 F. Supp. 2d 511 (E.D. Pa. 2004) (analyzing trademark infringement under § 1114 and cybersquatting under § 1125(d) as separate causes of action). Because Plaintiff's complaint does not allege a cause of action under the ACPA, Plaintiff has failed to make the requisite showing of liability to support the remedy of a domain name transfer under § 1125(d)(1)(C). *Cf. Ownum, LLC v. Ownum, Inc.*, C.A. No. 19-1043-MN-JLH, 2020 WL 8882941, at *1, 4 (D. Del. Apr. 17, 2020) (granting transfer of a domain name to the plaintiff on a motion for default judgment where the case "involve[d] an alleged violation of the [ACPA].").

I recommend that the court deny Plaintiff's requested relief at paragraph 8 of the proposed order, which seeks to enjoin the Defaulting Defendants "from filing any trademark application seeking to register any trademark that incorporates 'EDEN' or any other word confusingly similar thereto, and that Earl George and Eden Import & Export LLC must withdraw any such pending applications." (D.I. 30-1 at ¶ 8) The record shows that the Defaulting Defendants already filed a trademark application which was denied due to a likelihood of confusion with Plaintiff's mark. (D.I. 35) Plaintiff has failed to provide any authority supporting this request, and the court finds no basis to grant the request.

Finally, I recommend that the court deny Plaintiff's requested relief at paragraph 9 of the proposed order, which seeks to compel the Defaulting Defendants to "deliver up for destruction or other disposition by Plaintiff, all EDEN SALT products as well as any advertisements, brochures, labels, product packaging, signs, prints, decals, business cards, order forms, stickers, tags, promotional materials, and other items in their possession, custody or control on which the EDEN mark appears (alone or in combination with other terms)[.]" (D.I. 30-1 at ¶ 9) Plaintiff cites 15 U.S.C. § 1118 in support of this request, which provides that the decision whether to

10

enter a destruction order is left to the court's discretion. *See* 15 U.S.C. § 1118 (providing that "the court *may* order that all labels, signs, prints, packages, wrappers, receptacles, and advertisements" to be delivered up and destroyed); *Daimler AG v. A-Z Wheels LLC*, 498 F. Supp. 3d 1282 (S.D. Cal. 2020) ("Under 15 U.S.C. § 1118, the decision whether to enter a destruction order is left to the court's discretion."). Having recommended a permanent injunction against further infringement under the Lanham Act, I recommend that the court deny Plaintiff's request for an order requiring the destruction of any infringing articles as unnecessary. *See Kelley Blue Book v. Car-Smarts, Inc.*, 802 F. Supp. 278, 293 (C.D. Cal. 1992) ("[W]here an injunction is issued under the Lanham Act enjoining an infringer from further infringement, the rights of the plaintiff are adequately protected and an order requiring destruction of infringing articles, though permitted, may be unnecessary.").

## IV.  CONCLUSION

For the foregoing reasons, I recommend that the court GRANT Plaintiff's motion for entry of default judgment under Rule 55(b)(2), enter judgment pursuant to Federal Rule of Civil Procedure 58, and issue a permanent injunction in the following form:

> IT IS ORDERED that the Defaulting Defendants shall cease and desist from any and all infringement of Plaintiff's rights in its registered marks which are identified in the motion for default judgment.
>
> IT IS FURTHER ORDERED that each of the Defaulting Defendants is enjoined from any use of "EDEN" (alone or in combination with other terms, including but not limited to "EDEN SALT") or any words confusingly similar thereto, as a trademark, trade name, corporate name, domain name, social media presence, or other commercial indication of origin, or that incorporates EDEN in

connection with the advertising, display, sale, offering for sale or distribution of any products in any medium, whether through wholesale, retail or online channels (including but not limited to sales on the Internet, through Amazon, through any Amazon storefront or via any other online presence).

IT IS FURTHER ORDERED that each of the Defaulting Defendants is enjoined from operating the edensalt.com website.

Plaintiff shall serve a copy of this Report and Recommendation on the Defaulting Defendants and shall file proof of such service with the court once service is complete.

This Report and Recommendation is filed pursuant to 28 U.S.C. § 636(b)(1)(B), Fed. R. Civ. P. 72(b)(1), and D. Del. LR 72.1. The parties may serve and file specific written objections within fourteen (14) days after being served with a copy of this Report and Recommendation. Fed. R. Civ. P. 72(b)(2). The objections and responses to the objections are limited to three (3) pages each. The failure of a party to object to legal conclusions may result in the loss of the right to de novo review in the District Court. *See Sincavage v. Barnhart*, 171 F. App'x 924, 925 n.1 (3d Cir. 2006); *Henderson v. Carlson*, 812 F.2d 874, 878-79 (3d Cir. 1987).

The parties are directed to the court's Standing Order For Objections Filed Under Fed. R. Civ. P. 72, dated March 7, 2022, a copy of which is available on the court's website, http://www.ded.uscourts.gov.

Dated: April 13, 2023

_____
Sherry R. Fallon
UNITED STATES MAGISTRATE JUDGE